UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:

UNITED STATES OF AMERICA

                             :     CONSENT ORDER OF

      - v. -                   INTERLOCUTORY

                             :     <u>SALE OF REAL PROPERTY</u>

PETER NYGARD,

                             :     20 Cr. 624 (PGG)

              Defendant.

                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 23, 2020, PETER NYGARD (the "Defendant"), was charged in a nine-count indictment, 20 Cr. 624 (PGG) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); sex trafficking conspiracy, in violation of Title 18, United States Code, Section 1594 (Count Two); sex trafficking of a minor and by force, fraud and coercion, in violation of Title 18, United States Code, Sections 1591(a), (b)(1), (b)(2), and 2 (Count Three); sex trafficking by force, fraud and coercion, in violation of Title 18, United States Code, Sections 1591(a), (b)(1), and 2 (Counts Four and Five); transportation of a minor for purposes of prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2 (Count Six); transportation for purposes of prostitution, in violation of Title 18, United States Code, Section 2421 and 2 (Counts Seven and Eight); and transportation for purposes of prostitution and illegal sexual activity, in violation of Title 18, United States Code, Sections 2421 and 2 (Count Nine);

WHEREAS, the Indictment included, *inter alia*, a forfeiture allegation as to Counts Two through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1594, of (i) any property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offenses charged in Counts Two through Five of the Indictment, and any property traceable to such property; and (ii)

any property, real and personal, constituting or derived from any proceeds obtained, directly or indirectly as a result of the offenses charged in Counts Two through Five of the Indictment, or any property traceable to such property;

WHEREAS, on or about May 26, 2021, the Government filed a Forfeiture Bill of Particulars, giving notice that the property subject to forfeiture as a result of the offenses charged in Counts Two through Five of the Indictment and as alleged in the forfeiture allegations therein included, *inter alia*, the following property:

i.      all right, title, and interest in the real property located at 13700-13704 Saticoy Street, Los Angeles, California, 91402, Assessor's Parcel Number 2214-023-011,

(the "Subject Property");

WHEREAS, on or about June 25, 2021, the Government recorded a Notice of Pending Action against the Subject Property (the "Lis Pendens");

WHEREAS, on or about May 26, 2021, the Court entered a Post-Indictment Restraining Order with respect to the Subject Property (the "Restraining Order"), which ordered that the Defendant, and all attorneys, agents, and employees, and anyone acting on the behalf of him, and all persons or entities in active concert or participation with any of the above, and all persons or entities having actual knowledge of the Restraining Order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of Subject Property or other interests belonging to, or owed to, or controlled in whole or in part by the Defendant, which property or other interests are subject to forfeiture;

WHEREAS, the Subject Property is owned by 13700 Saticoy LLC ("Saticoy");

WHEREAS, the manager of Saticoy is Greg Fenske ("Fenske");

WHEREAS, the sole member of Saticoy is NBH LLC ("NBH");

WHEREAS, the manager of NBH is Fenske;

WHEREAS, BluSky Restoration Contractors, LLC ("BluSky") and Har-Bro West, Inc. ("Har-Bro") have notified the Government of their potential interest in the Subject Property, in the form of the mechanics lien which BluSky and Har-Bro recorded against the Subject Property on August 3, 2020 (the "Mechanics Lien") for the outstanding amount of $1,885,527.04 (the "Mechanics Lien Amount");

WHEREAS, Har-Bro's interest, through subsequent transactions between BluSky and Har-Bro, has been assimilated into and is presently solely represented by BluSky;

WHEREAS, the Nygard Foundation claims a security interest in the Subject Property based on a deed of trust with assignment of rents recorded on the Subject Property on May 11, 2020 and UCC Financing Statement recorded on April 17, 2020 (the "Foundation Security Interest");

WHEREAS, a separate action is currently pending before the Hon. H. Jay Ford in the Superior Court of California, Los Angeles County, under *BluSky Restoration Contractors, LLC v. 13700 Saticoy LLC*, Case No. 20VECV01211 (the "CA Litigation"), brought by Plaintiffs BluSky and Har-Bro (together, the "CA Plaintiffs") against Saticoy, Fenske and the Nygard Foundation (together with Saticoy and Fenske, the "CA Defendants") seeking foreclosure of the Mechanics Lien;

WHEREAS, the Subject Property is currently under contract to be sold to a third-party buyer in an arm's length transaction in an amount in excess of the Mechanics Lien Amount (the "Contemplated Sale");

WHEREAS, the CA Defendants and the CA Plaintiffs (collectively, the "CA Parties"), NBH, and the Government have agreed to the interlocutory sale of the Subject Property by Saticoy before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture;

WHEREAS, the CA Parties, NBH, and the Government acknowledge that the Mechanics Lien is a secured interest that has priority over any other security or interest in the Subject Property;

WHEREAS, the CA Plaintiffs have agreed to accept $1,764,079.04 (the "Mechanics Lien Settlement Amount") as the reasonable value of services provided by the CA Plaintiffs on the Subject Property and in full satisfaction of the Mechanic's Lien;

WHEREAS, the CA Defendants have agreed not to contest the validity of the Mechanics Lien or the Mechanics Lien Settlement Amount, provided the Subject Property is sold pursuant to the terms and subject to the conditions set forth herein;

WHEREAS, the CA Parties, NBH, and the Government agree that the Mechanics Lien Settlement Amount shall be satisfied before any other amount is distributed from the proceeds of the sale of the Subject Property, except for ordinary costs of sale, payment of property taxes or utilities payments due as of the date of closing, and the payment of liens recorded by the City of Los Angeles on the Property on September 13, 2017 and April 12, 2018 related to the City's inspection of the Property (the "City Liens");

WHEREAS, the CA Parties, NBH, and the Government agree that the Net Proceeds of the sale, as defined below, are to be held as the substitute *res* for the Subject Property pending resolution of the above-captioned matter or further order of the Court; and

WHEREAS, in the event the Contemplated Sale does not occur, Saticoy may market and otherwise attempt to sell the Subject Property to another third-party buyer in an arm's length transaction, subject to further approval by the United States Attorney's Office for the Southern District of New York and the United States Marshals Service.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States, United States of America, by its attorney Damian Williams, United States Attorney, Assistance United States Attorney, Celia V. Cohen, of counsel; BluSky Restoration Contractors, LLC, and Har-Bro West Inc.; Mark A. Feldman, Esq. and Kevin K. Heravi, Esq., Attorneys for BluSky Restoration Contractors, LLC, and Har-Bro West Inc.; 13700 Saticoy, LLC and Greg Fenske; Kenneth R. Morris, Esq., counsel for 13700 Saticoy, LLC and Greg Fenske; the Nygard Foundation; William Stoner, Esq. counsel for the Nygard Foundation; NBH LLC; and Kenneth R. Morris, Esq. counsel for NBH LLC, that

1.      Saticoy is authorized to sell the Subject Property in accordance with the terms of the Contemplated Sale.

2.      Saticoy shall, upon filing of this Consent Interlocutory Sale Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to the Contemplated Sale, with a purpose to effect actual sale within sixty (60) days from the date thereof.

3.      Within ten days of completion of the Contemplated Sale, the Net Proceeds, as defined below, shall be issued in a check made payable to the United States Marshals Service

and referencing "20 Cr. 624 (PGG), 13700-13704 Saticoy Street, Los Angeles, California, 91402"

in the memorandum section of the check and be deposited and held by the United States Marshals

Service (or its designee) in the Seized Asset Depository Fund until completion of the above-

captioned matter or further order of the Court.

        4.    The Net Proceeds shall include all moneys realized from the sale of the

Subject Property, except for the following:

        a.    Real estate commissions, fees;
        b.    Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
        c.    Any utilities payments due and owing at the time of the sale;
        d.    Insurance costs;
        e.    Escrow fees;
        f.    Title fees;
        g.    County transfer fees;
        h.    The City Liens; and
        i.    The Mechanics Lien Settlement Amount

        5.    The Net Proceeds and any and all income or interest accrued thereon, shall

be the substitute *res* for the Subject Property (the "Substitute *Res*") and will serve as a substitute

*res* for the Subject Property in the above-captioned case, with all claims and defenses applicable

to the Subject Property, including any other action that may be brought by the United States

Attorney's Office for forfeiture of the Subject Property or claims by third parties, to apply instead

to the Substitute *Res*.

        6.    The Court shall retain exclusive jurisdiction to adjudicate claims to the

Substitute *Res*.  The Hon. H. Jay Ford shall retain jurisdiction to adjudicate the remaining claims

amongst the CA Defendants regarding the Foundation Security Interest, provided however, that

this provision shall not modify the definition of Net Proceeds or otherwise affect disposition of the

Substitute *Res*, as otherwise provided in this Consent Interlocutory Sale Order.  The fact of the

Contemplated Sale shall not, as a procedural matter, prevent the CA Defendants from asserting an interest in the Substitute *Res* during any ancillary proceeding before this Court.

7.      In the event the Contemplated Sale does not occur, Saticoy may market and otherwise attempt to sell the Property to another third-party buyer in an arm's length transaction, provided, however, the net sales proceeds from the sale must exceed the sum of the Mechanics Lien Amount, the ordinary costs of sale, accrued unpaid property taxes and utilities payments due as of the date of closing, and the City Lien.  The United States Attorney's Office for the Southern District of New York, and the United States Marshals Service may, in their sole discretion, reject any offer to purchase the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

8.      In furtherance of the interlocutory sale of the Subject Property, the Government, NBH, and the CA Parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

9.      This Consent Interlocutory Sale Order constitutes the complete agreement between the Government, the CA Parties, and NBH and may not be amended except by written consent thereof.

10.      The Government, NBH, and the CA Parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Consent Interlocutory Sale Order.

11.      Each party agrees to bear its costs and attorneys' fees.

12.      A true, certified or exemplified copy of this Consent Interlocutory Sale Order and a Release of the Lis Pendens shall be accepted for recording, and shall be recorded, in the original record book by the Los Angeles County Registrar-Recorder/County Clerk.

13.     The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Consent Interlocutory Sale Order.

14.     This Consent Interlocutory Sale Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Consent Interlocutory Sale Order.  Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.


AGREED AND STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America


By: _____          __10/17/22___
        CELIA V. COHEN                                                DATE
        Assistant United States Attorney
        One Saint Andrews Plaza
        New York, New York 10007
        (212) 637-2466


[SIGNATURES CONTINUE ON FOLLOWING PAGE]

BLUSKY RESTORATION CONTRACTORS, LLC

By: _____        9/28/22_____
    [Wyatt Cox]                                   DATE
    Manager, BluSky Restoration Contractors, LLC


HAR-BRO WEST, INC.

By: _____        9/28/2022_____
    [Name]                                        DATE
    Member, Har-Bro West Corporation


Approved as to form:

By: _____        09-29-22_____
    Mark A. Feldman, Esq.                        DATE
    Kevin K. Heravi, Esq.
    Attorneys for BluSky Restoration Contractors,
    LLC, and Har-Bro West Inc.


[SIGNATURES CONTINUE ON FOLLOWING PAGE]

BLUSKY RESTORATION CONTRACTORS, LLC

By: _____          9/28/22
     [Wyatt Cox]                                                      DATE
     Manager, BluSky Restoration Contractors, LLC


HAR-BRO WEST, INC.

By: _____          9/28/2022
     [Name]                                                            DATE
     Member, Har-Bro West Corporation


Approved as to form:

By: /s/ Kevin K. Heravi                                         09-29-22
     Mark A. Feldman, Esq.                                  DATE
     Kevin K. Heravi, Esq.
     Attorneys for BluSky Restoration Contractors,
     LLC, and Har-Bro West Inc.


[SIGNATURES CONTINUE ON FOLLOWING PAGE]

13700 SATICOY LLC

By: _____                    10/03/22
    Greg Fenske                                   DATE
    Manager, 13700 Saticoy LLC


GREG FENSKE

By: _____                    10/03/22
    Greg Fenske                                   DATE


Approved as to form:

By: _____                    9/29/22
    Kenneth R. Morris, Esq.                       DATE
    Attorney for 13700 Saticoy LLC and
    Greg Fenske


[SIGNATURES CONTINUE ON FOLLOWING PAGE]

NYGARD FOUNDATION

By: _____
[Member/President]
Nygard Foundation
Andrew Lau
Co-trustee

September 29, 2022
DATE

Approved as to form:

By: _____
William Stoner, Esq.
Stoner Grannis LLP
Attorneys for Nygard Foundation

October 3, 2022
DATE

NBH LLC

By: _____
Greg Fenske
Manager, NBH LLC

_____
DATE

Approved as to form:

By: _____
Kenneth R. Morris, Esq.
Attorney for NBH LLC

_____
DATE

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

_____
DATE

**NYGARD FOUNDATION**

By: _____          DATE _____
      [Member/President]
      Nygard Foundation


Approved as to form:


By: _____          DATE _____
      William Stoner, Esq.
      Stoner Grannis LLP
      Attorneys for Nygard Foundation


**NBH LLC**

By: _____          10/03/22
      Greg Fenske                       DATE
      Manager, NBH LLC


Approved as to form:


By: _____          9/29/22
      Kenneth R. Morris, Esq.           DATE
      Attorney for NBH LLC


SO ORDERED:

_____              Oct 31, 2022
HONORABLE PAUL G. GARDEPHE             DATE
UNITED STATES DISTRICT JUDGE